UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Raphael Mendez, | Case No. 0:20-cv-1717 (KMM/JFD) |
| Plaintiff, | |
| v. | **ORDER** |
| FMC Rochester et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff Raphael Mendez's Objections to Magistrate Judge Docherty's Report and Recommendation ("R&R"). [ECF No. 22]. Judge Docherty recommends granting Defendants' Motion to Dismiss the Complaint for failure to state a claim on which relief can be granted. [*Id.*]. Mr. Mendez timely objected to the R&R. [ECF No. 23]. Having reviewed the R&R, Mr. Mendez's objections, and the case file, the Court overrules Mr. Mendez's objections, adopts the R&R, and dismisses this action.

I.   **Procedural Background**[1]

In 1990, Mr. Mendez was indicted by a Virgin Islands federal grand jury for assault with a deadly weapon, among other offenses. The Virgin Islands District Court found Mr. Mendez to be mentally incompetent to stand trial. The Attorney General sent

---

[1] The following facts were found by Judge Docherty in the R&R, and Mr. Mendez does not object. A thorough recitation of the procedural history of Mr. Mendez's commitment and subsequent litigation can be found in the 2009 R&R in *Mendez v. Bureau of Prisons*. No. 08-cv-497 (JMR/RLE), 2009 WL 3856925, at *1–2 (D. Minn. Nov. 17, 2009), *aff'd* 391 F. App'x 577 (8th Cir. 2010).

him to a Federal Correctional Institution in North Carolina, where Mr. Mendez was later civically committed under 18 U.S.C. § 4246. Mr. Mendez was eventually transferred to the Federal Medical Center in Rochester, Minnesota, where he remains in custody to this day. During the decades of his commitment, Mr. Mendez has brought dozens of lawsuits in this district and others, as well as challenges to his continuing commitment. The present case is the latest in that long string of lawsuits.

## II. The Complaint & The R&R

Judge Docherty construed Mr. Mendez's Complaint as alleging "that the actions of the BOP as an agency, or individual Defendants in their official capacities, have violated his constitutional or statutory rights or have otherwise caused him injury." [R&R 7, ECF No. 22]. Specifically, Mr. Mendez's Complaint raises a variety of disparate allegations, including a conspiracy to illegally imprison him because United States district courts do not have jurisdiction to commit him and a failure to relocate him to a different cell after a dispute with his cellmate in which he "squared off, as if to fight," but "nothing happened face to face," which he reported was "sadistic" treatment. [Compl. 1–3, ECF No. 1].

The R&R addressed the following potential claims: (1) failure to prevent harm under 42 U.S.C. § 1986; (2) wrongful denial of a relocation request under the Administrative Procedure Act; (3) failure to protect pursuant to 18 U.S.C. § 1983; and (4) a petition for a writ of mandamus under 28 U.S.C. § 1361. Judge Docherty construed the Complaint as seeking an order for the following injunctive relief: that Defendants take special actions to protect him while he awaits other assistance; that Defendants relocate him to an empty cell; that Defendants equip that cell with video monitoring; or,

alternatively, that Defendants transfer him to somewhere near Washington, D.C. so that he may request "a U.S. congressional evidentiary hearing." [*Id.* 1–4].

The R&R recommends granting Defendants' Motion to Dismiss for failure to state a claim, and Mr. Mendez timely objected.

### III.   Analysis

Generally, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The Court construes pro se objections liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, if the objections are vague or non-responsive to the R&R, the Court need not conduct a *de novo* review and may review the R&R for clear error. *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015); *Mendez v. Kallis*, No. 20-cv-924 (ECT/ECW), 2020 WL 2572524, at *1 (D. Minn. May 21, 2020) (finding Mr. Mendez's objections "sufficiently vague and non-responsive to warrant clear error review"). The Court has carefully reviewed the entire R&R and finds no error, clear or otherwise.

Here, Mr. Mendez's central objection appears to be that the R&R does not address the authority he cites in support of his contention that he is falsely imprisoned. [*See* Obj. 2, 5, ECF No. 23 (stating that "Plaintiff's Doc. #1 clearly put this court in plain view of a false imprisonment," and "Plaintiff wants this court to dispute ONLY those cases . . . [and other sources] mentioned in Doc. #1" (emphasis in original)]. However, Judge Docherty construed "Mr. Mendez's false imprisonment claims to be a background for his present substantive claim" after noting that he has raised these arguments numerous times

3

in this district and that they "have been uniformly denied." [R&R 8–9, ECF No. 22]. Nevertheless, the R&R concludes that "the fact that Mr. Mendez was indicted for a territorial offense neither shows that his commitment under federal law was improper, nor that his detention in a federal correctional or medical facility is unlawful," after noting that courts have repeatedly found Mr. Mendez's claim barred by *Heck v. Humphrey*, that there is no support for the argument that the federal government lacked the necessary authority to prosecute him, and that civil commitment under § 4241 "does not require a commitment be premised upon a Federal crime." [*Id.* (citing *Heck v. Humphrey*, 512 U.S. 477 (1994) and quoting *Mendez*, 2009 WL 3856925, at *8–9)].

Mr. Mendez may be understood to object to the R&R because it does not explicitly address the authority he cites in its discussion of these arguments. However, the Court concludes that such was neither clearly erroneous nor erroneous under *de novo* review. *Keiran v. Home Capital, Inc.*, No. 10-cv-4418 (DSD/JSM), 2015 WL 5776090, at *2 (D. Minn. Oct. 1, 2015) (stating that the court is not required to repeat and address every argument raised), *aff'd* 858 F.3d 1127 (8th Cir. 2017).

Similarly, to the extent that Mr. Mendez objects on the basis that Judge Docherty did not construe his false imprisonment assertions as an independent basis for relief, the Court concludes that such a construction was not error. Since 2006, Mr. Mendez has filed no fewer than 37 actions in this district.[2] In many, if not most of these, Mr. Mendez has

---

[2] In addition to the instant action, see Case Nos. 06-cv-3307 (JMR/RLE); 06-cv-3711 (JMR/RLE); 06-cv-4528 (JMR/RLE); 07-cv-1278 (JMR/RLE); 07-cv-2609 (JMR/RLE); 08-cv-580 (JMR/RLE); 08-cv-4971 (JMR/RLE); 09-cv-2496 (PAM/RLE); 10-cv-451 (JMR/RLE); 10-cv-2231 (ADM/RLE); 10-cv-4668 (ADM/FLN); 11-cv-1483

made substantially the same or similar arguments pertaining to false imprisonment, and none of his actions have resulted in relief.[3] *Mendez v. Kallis*, No. 21-cv-1147 (PJS/BRT), 2021 WL 2911171, at *2 (D. Minn. July 12, 2021) (echoing magistrate judge's observation that Mr. Mendez had filed 34 actions in this district and that many were patently frivolous), *aff'd* 2021 WL 6689158 (8th Cir. Aug. 16, 2021). In his four-page Complaint, Mr. Mendez only argues that he is wrongfully imprisoned in the first two paragraphs, and the remainder is dedicated to allegations pertaining to the conduct of the Defendants and others.[4] It was not erroneous for Judge Docherty to construe the Complaint as not asserting false imprisonment as an independent basis for relief when the Complaint's mention thereof is relatively insignificant, presented as background, and most importantly, when Mr. Mendez's many similar prior arguments have consistently been found to be frivolous or without merit.

---

(ADM/FLN); 12-cv-28 (ADM/FLN); 12-cv-1128 (ADM/FLN); 13-cv-1270 (ADM/FLN); 14-cv-402 (ADM/FLN); 14-cv-4528 (ADM/BRT); 14-cv-4792 (ADM/BRT); 15-cv-3732 (ADM/BRT); 16-cv-845 (ADM/BRT); 16-cv-2644 (ADM/BRT); 16-cv-4002 (ADM/BRT); 17-cv-3768 (JRT/SER); 18-cv-2332 (ECT/HB); 18-cv-2817 (PJS/HB); 19-cv-183 (PAM/LIB); 19-cv-2820 (NEB/TNL); 20-cv-924 (ECT/ECW); 20-cv-1084 (WMW/HB); 20-cv-01640 (WMW/KMM) (complaint voluntarily withdrawn); 20-cv-1979 (PAM/KMM); 21-cv-178 (DSD/ECW); 21-cv-1147 (PJS/BRT); 22-mc-3 (SRN); 22-mc-8 (ECT); 22-mc-16 (WMW).

[3] After the instant Complaint was filed, Mr. Mendez was restricted from filing new civil actions in this district without counsel or prior judicial authorization. *Mendez v. Kallis*, No. 21-cv-1147 (PJS/BRT), 2021 WL 2911171, at *2 (D. Minn. July 12, 2021).

[4] While Mr. Mendez references his alleged false imprisonment in several other places in the Complaint, he does so only as a passing premise to other assertions, not to argue the truth of that status. [*E.g.*, Compl. 3, ECF No. 1].

Moreover, "Mendez has already litigated the legality of his civil commitment on numerous occasions—and, as Mendez well knows, if he wishes to again challenge the validity of his civil commitment, he must do so in a habeas petition pursuant to 28 U.S.C. § 2241." *Id.* at *1 (noting that in his objection to an R&R, Mr. Mendez "largely abandoned" his original claims "and instead emphasizes that he is being falsely imprisoned").

Mr. Mendez makes several additional requests in his Objection and reply brief. First, he asserts that Judge Docherty "needs to be recused or disqualified from further conducting services in this Court." [Obj. 1–2, ECF No. 23]. This request is denied. *United States v. Melton*, 738 F.3d 903, 906 (8th Cir. 2013) (stating that "[j]udicial rulings rarely establish a valid basis for recusal" and finding no such basis where there is no evidence of partiality). He also states that he "wants the Defendants to pay Plaintiff for their part in extending Plaintiff's false imprisonment." [Obj. 5, ECF No. 23]. In addition to being founded on a legal assertion that has been found meritless numerous times, no claim for damages was presented to Judge Docherty. This request is therefore is denied. *Hammann v. 1-800 Ideas.com, Inc.*, 455 F. Supp. 2d 942, 947–48 (D. Minn. 2006) ("A party cannot, in his objections to an R & R, raise arguments that were not clearly presented to the magistrate judge."). Finally, Mr. Mendez requests "an evidentiary hearing at the earliest time possible by video conference." [Reply 5, ECF No. 25]. This request is also denied. D. Minn. Local Rule 72.2(b)(3) ("The district judge *may* . . . receive further evidence . . . . Ordinarily, the district judge does not conduct a new hearing when ruling on a party's objections . . . ." (emphasis added)).

Moreover, "Mendez has already litigated the legality of his civil commitment on numerous occasions—and, as Mendez well knows, if he wishes to again challenge the validity of his civil commitment, he must do so in a habeas petition pursuant to 28 U.S.C. § 2241." *Id.* at *1 (noting that in his objection to an R&R, Mr. Mendez "largely abandoned" his original claims "and instead emphasizes that he is being falsely imprisoned").

Mr. Mendez makes several additional requests in his Objection and reply brief. First, he asserts that Judge Docherty "needs to be recused or disqualified from further conducting services in this Court." [Obj. 1–2, ECF No. 23]. This request is denied. *United States v. Melton*, 738 F.3d 903, 906 (8th Cir. 2013) (stating that "[j]udicial rulings rarely establish a valid basis for recusal" and finding no such basis where there is no evidence of partiality). He also states that he "wants the Defendants to pay Plaintiff for their part in extending Plaintiff's false imprisonment." [Obj. 5, ECF No. 23]. In addition to being founded on a legal assertion that has been found meritless numerous times, no claim for damages was presented to Judge Docherty. This request is therefore is denied. *Hammann v. 1-800 Ideas.com, Inc.*, 455 F. Supp. 2d 942, 947–48 (D. Minn. 2006) ("A party cannot, in his objections to an R & R, raise arguments that were not clearly presented to the magistrate judge."). Finally, Mr. Mendez requests "an evidentiary hearing at the earliest time possible by video conference." [Reply 5, ECF No. 25]. This request is also denied. D. Minn. Local Rule 72.2(b)(3) ("The district judge *may* . . . receive further evidence . . . . Ordinarily, the district judge does not conduct a new hearing when ruling on a party's objections . . . ." (emphasis added)).

As for the portions of the R&R not objected to, the Court has reviewed the record and the parties' submissions and finds no clear error.

IV. ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED:**

1. That Mr. Mendez's Objections to the Report and Recommendation [ECF No. 23] are **OVERRULED**;

2. That the Magistrate Judge's Report and Recommendation [ECF No. 22] is **ACCEPTED**;

3. That Defendants' Motion to Dismiss [ECF No. 13] is **GRANTED**; and

4. That this matter is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.


Date: March 31, 2022                                  *s/Katherine Menendez*
                                                     Katherine Menendez
                                                     United States District Judge