UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Raphael Mendez, | Case No. 0:20-cv-1717 (KMM/JFD) |
| Plaintiff, | |
| v. | **ORDER** |
| FMC Rochester et al., | |
| Defendants. | |

On March 31, 2022, the Court issued an order granting Defendants' motion to dismiss and dismissing this action with prejudice. On April 25, 2022, Mr. Mendez filed a "motion to correct" that order, in which he largely restates the arguments made in his previous filings and already addressed by the Court. [ECF No. 28]. The Court construes this filing as primarily a motion to reconsider the Court's previous ruling under Local Rule 7.1(j). [ECF No. 28 at ¶ 16 ("It is urged that Judge Katherine Menendez reconsider her order . . . ." (cleaned up))]. The Court finds that Mr. Mendez has not "show[n] compelling circumstances" as required by Local Rule 7.1(j) to file such a motion, and therefore denies the request.

In one respect, Mr. Mendez raises a new concern. Specifically, he alleges that the Court erred in stating that he was originally indicted in the District of the Virgin Islands in 1990 because he was in fact charged by information. The docket in the original case

1

only refers to "Criminal Charges/Counts" and does not include the charging document.[1] *United States v. Mendez*, No. 3:90-cr-43 (RAM/RM) (D.V.I. Feb. 27, 1990). However, this is a distinction without a difference. Whether Mr. Mendez's original federal case was commenced with an indictment or by information has no bearing upon this Court's ruling on Defendants' Motion to Dismiss. Accordingly, to the extent that Mr. Mendez seeks a correction based on a clerical mistake, oversight, or omission under Federal Rule of Civil Procedure 60(a), that request is also denied. *See In re Modern Textile, Inc.*, 900 F.2d 1184, 1193 (8th Cir. 1990) (noting that Rule 60(a) permits the court to correct "omissions in its judgment to reflect what [it] originally intended"); *Sobolik v. Briggs & Stratton Corp.*, No. 9-cv-1785 (JRT/RLE), 2010 WL 11640190, at *3 (D. Minn. July 26, 2010) ("The rule is not an appropriate vehicle for a party to prompt a court to address an issue that the court did not intend to consider.").

**IT IS SO ORDERED.**

Date: May 13, 2022                                   *s/Katherine Menendez*
                                                     Katherine Menendez
                                                     United States District Judge

---

[1] However, courts in other jurisdictions have described this aspect of Mr. Mendez's procedural history in differing ways. *Compare In re Mendez*, 220 Fed. App'x 75, 76 (3d Cir. 2007) ("In 1990, Mendez was indicted in the Virgin Islands . . . ."), *with Gov't of Virgin Islands v. Mendez*, No. 90-cr-43, 1995 WL 458439, at *1 (D.V.I. Jan. 26, 1995) ("The record reveals that defendant was originally charged in this Court in a three count Information . . . ."), *and Mendez v. Federal Corr. Inst.*, 953 F.2d 638, *table*, 1992 WL 5011, at *1 (4th Cir. Jan. 16, 1992) (noting only that Mr. Mendez "was charged").